[841 NYS2d 102]

In the Matter of Jerome Joseph Galluscio, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, June 12, 2007

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*Ryan, Brennan & Donnelly LLP*, Floral Park (*John E. Ryan* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated January 12, 2006, containing nine charges of professional misconduct. After a preliminary conference on July 20, 2006, and a hearing on September 12, 2006, the Special Referee sustained all nine charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent's counsel has submitted an affirmation requesting that the Court, in determining any discipline to impose, consider the factors offered in mitigation.

Charge one alleges that the respondent neglected a legal matter entrusted to him by Patricia McKenna, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about July 2001 the respondent was retained to represent the interests of Patricia McKenna in a matrimonial matter for a $2,500 fee. In or about October 2001 he had the husband execute a defendant's affidavit in furtherance of the divorce. In or about November 2001 the respondent apprised his client that the divorce papers had been filed. The respondent failed to return his client's repeated telephone inquiries between February and May 2002.

In May 2002, the respondent apprised his client that the court had lost the paperwork. The client executed new papers in May 2002. The respondent failed to return his client's repeated telephone inquiries between August and September 2002. He also failed to respond to her two written inquiries dated June 17, 2003, and July 12, 2003, respectively, regarding her divorce.

Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law by failing to communicate with his client, Patricia McKenna, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), by virtue of the allegations set forth in charge one.

Charge three alleges that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law by failing to change his office address with the Office of Court Administration (hereinafter OCA) and failing to cooperate with the Queens County fee disputes committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

The respondent's client, Patricia McKenna, elected to pursue fee arbitration against the respondent based upon his neglect of her matrimonial matter. The respondent failed to respond to letters sent by the Administrative Judge's office in Queens County regarding the fee arbitration. It was determined that the respondent was not at the office address he had listed with OCA.

The respondent failed to respond to a letter from the Grievance Committee dated April 27, 2005, forwarded to him at both his home and office addresses, via certified mail, advising him to contact the Administrative Judge's office in Queens County with respect to the fee arbitration and to confirm such contact in writing. The client was unable to resolve her fee dispute.

Charge four alleges that the respondent engaged in conduct that is prejudicial to the administration of justice and which has adversely reflected on his fitness to practice law by failing to timely cooperate with the Grievance Committee's investigation, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated August 25, 2003, the Grievance Committee sent the respondent a copy of the McKenna complaint and directed him to submit a response within 15 days. The respon-

dent failed to reply. The respondent also failed to respond to letters dated September 10, 2003, and October 6, 2003, advising him that his response was due, notwithstanding notification from the Grievance Committee that his failure to cooperate could subject him to discipline independent of the merits of the complaint.

On or about October 31, 2003, the Grievance Committee served the respondent with a court-ordered subpoena and a subpoena duces tecum requiring his appearance at its offices on November 18, 2003, along with the complete legal file in the *McKenna v Lynch* matter. The respondent appeared on November 18, 2003, without his legal file. The Grievance Committee directed him to re-appear on November 24, 2003, with his file. The respondent appeared on November 24, 2003, but requested an adjournment in order to obtain counsel.

By letter dated January 21, 2004, John Ryan, Esq., advised the Grievance Committee that he would not be representing the respondent unless the respondent contacted him within five days.

By letter dated February 9, 2004, the respondent was directed to appear for an examination under oath on February 19, 2004, and to provide the complete legal files on three matters. The respondent appeared on February 19th but failed to produce two of the requested files. The Grievance Committee directed the respondent to provide written answers and the complete files within 10 days.

On February 26, 2004, the respondent submitted answers to all three complaints but failed to provide the legal files. By letter dated March 10, 2004, the Grievance Committee notified the respondent that he was required to submit the legal files within five days. The respondent submitted the files with a cover letter dated March 25, 2004.

Charge five alleges that the respondent neglected a legal matter entrusted to him by Gina Marie DaRocha (also known as Gina Currid), in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

The respondent was retained in or about August 2002 to represent the interests of Ms. DaRocha in a matrimonial matter for which he had been paid a $2,500 retainer. The respondent advised the client that the divorce papers, signed in or about February 2003, were filed with the court. He failed to contact her from February 2003 through April 2003.

Ms. DaRocha was advised by the court in May 2003 that the papers were filed with an incorrect index number and were lost. The respondent had her sign new papers on or about May 14, 2003, and advised that they were re-submitted to the court. The respondent repeatedly advised Ms. DaRocha between May 2003 and July 2003 that he had been contacting the court regarding the status of her divorce.

In or about August 2003, the client contacted the respondent and advised him that nothing was being done at court due to his failure to purchase a request for judicial intervention. The request was not purchased until August 2003. The respondent and his client drafted a new set of papers to replace the lost ones.

In or about September 2003, the client prepared her own submissions for divorce and filed them with the court.

Charge six alleges that the respondent engaged in conduct that is prejudicial to the administration of justice and which adversely reflects on his fitness to practice law regarding the legal matter entrusted to him by his client, Gina Marie DaRocha, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), based on the allegations set forth in charge five.

Charge seven alleges that the respondent engaged in conduct that is prejudicial to the administration of justice and which adversely reflects on his fitness to practice law by failing to pay an arbitration award issued by the Nassau County fee arbitration panel to his client, Gina Marie DaRocha, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

The client elected to pursue fee arbitration against the respondent emanating from his representation of her in a matrimonial matter. The respondent failed to reply to letters from the office of the Administrative Judge of Nassau County dated May 3, 2004, and June 10, 2004, advising him that a request for fee arbitration had been filed and asking for his response. The arbitration, which was held on August 11, 2004, resulted in a $2,500 award in favor of the client. The respondent failed to appear or to oppose the arbitration and failed to pay the award. The respondent also failed to respond to a letter from the client dated January 17, 2005, and letters from the Grievance Committee dated November 24, 2004, January 5, 2005, and March 3, 2005, regarding his failure to pay the award.

Charge eight alleges that the respondent engaged in conduct that is prejudicial to the administration of justice and which adversely reflects on his fitness to practice law by neglecting a legal matter entrusted to him by Marie Lanci, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) and DR 6-101 (a) (3) (22 NYCRR 1200.3 [a] [5], [7]; 1200.30 [a] [3]).

The respondent was retained by Marie Lanci on or about April 3, 2003, to represent her interests in a matrimonial matter and received a $2,000 fee. In July 2003 the respondent advised the client that papers would be filed with the court. He failed to respond to her inquiries of October 2003 regarding the status of the matter.

In November 2003 the respondent advised the client that he had checked with the court and that the papers were in the system. He thereafter failed to respond to his client's telephone inquiries or letters dated December 9, 2003, December 15, 2003, and January 5, 2004, requesting her file and a refund after she learned from the court that nothing had been filed in this matter.

Charge nine alleges that the respondent engaged in conduct that is prejudicial to the administration of justice and which adversely reflects on his fitness to practice law by failing to cooperate with the Grievance Committee's investigation of a complaint filed by Catherine Adamkiewicz, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

The respondent failed to respond to the Grievance Committee's letters dated March 28, 2005, requesting his response within 15 days. He also failed to respond to a letter sent to his home, which was returned "Unclaimed," and to letters sent to his office address demanding a written response within 10 days. The respondent failed to respond to letters dated May 13, 2005, sent to both his home and office addresses, advising that his continued noncooperation would result in a motion for his interim suspension.

The evidence contained in the parties' stipulation dated September 12, 2006, as well as the respondent's admissions at the hearing, establish an ample basis for sustaining the nine charges of professional misconduct. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the uninten-

tional nature of his conduct, the fact that all clients have been reimbursed for all retainer amounts paid to him, and the fact that his delays in responding resulted from the disability of his wife. The respondent's disciplinary history consists of three letters of admonition, all of which are dated June 24, 2003, based on three separate complaints in matrimonial matters. In one matter, the respondent was admonished for neglecting a legal matter entrusted to him and failing to promptly and properly cooperate with the Grievance Committee. The second matter resulted in a letter of admonition for failing to timely refund a legal fee paid to him when that matter was discontinued and for failing to timely cooperate with the Grievance Committee. In the third matter, the respondent was admonished for failing to communicate with the client, failing to timely cooperate with the Grievance Committee, and failing to obtain a signed retainer and statement of client's rights and responsibilities.

Notwithstanding that the respondent ultimately made appropriate refunds to the complainants and paid the fee arbitration award, he is guilty of neglecting three legal matters, failing to cooperate with the Grievance Committee's legitimate investigations into the complaints, and failing to cooperate with the Queens County fee disputes committee and the Nassau County fee arbitration panel.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and MASTRO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Jerome Joseph Galluscio, is suspended from the practice of law for a period of two years, commencing July 12, 2007, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jerome Joseph Galluscio, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Jerome Joseph Galluscio has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).