[843 NYS2d 110]

In the Matter of WARREN M. GOULD (Admitted as WARREN MORRIS GOULD), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 18, 2007

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Anthony R. Wynne* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated March 13, 2006, containing five charges of professional misconduct. The respondent served an answer dated April 18, 2006, and an amended answer dated April 25, 2006. Thereafter, he did not make an appearance at a telephonic preliminary conference which had been scheduled on notice for July 28, 2006.

The Grievance Committee and the respondent entered into a stipulation dated September 11, 2006, whereby the respondent conceded that the essential facts of charge one through charge five were not in dispute, and the parties agreed that 13 documents would be received into evidence, without objection, at the hearing to be held before a special referee.

At the hearing held before Special Referee Krane on September 12, 2006, and November 20, 2006, the Grievance Committee submitted two additional documents into evidence, and presented two witnesses, the respondent and Ralph Bullock. The respondent testified on his own behalf, and submitted two exhibits, and character references in the form of letters from Robert Lewis, Frank Praete, Leonard Morrison, and Robert L. Boothe, M.D.

Following the hearing, the Special Referee sustained all five charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the court deems just and proper. Although served with a copy of the Grievance Committee's motion, the respondent has not submitted any responsive papers, cross-moved for any relief, or sought any extension of time to do so.

Charge one alleges that the respondent is guilty of engaging in conduct that is prejudicial to the administration of justice and/or adversely reflects on his fitness as a lawyer by failing to cooperate with the lawful demands of the Westchester County

Bar Association's Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

On or about March 23, 2005, a complaint filed by Ralph Bullock against the respondent was transferred by the Grievance Committee to the Westchester County Bar Association (hereinafter the Bar Association).

By letter dated April 7, 2005, the Bar Association forwarded a copy of the complaint to the respondent and directed him to submit an answer by April 29, 2005. The respondent failed to timely submit an answer or to request an extension of time to do so.

By letter dated July 21, 2005, the Bar Association sent the respondent a second notice directing him to answer the complaint. He again failed to submit an answer or request an extension of time.

By letter dated September 12, 2005, the Bar Association sent the respondent a third notice demanding an answer to the complaint and advising him that it was his final warning.

Subsequently, by letter dated September 28, 2005, the Bar Association sent the respondent additional correspondence from the complainant and requested that he respond by October 19, 2005.

By letter dated September 28, 2005, the respondent requested an extension of time to October 12, 2005, to answer the Bullock complaint. However, he failed to submit an answer on October 12, 2005, or request an extension of time to do so.

The Bar Association returned the file to the Grievance Committee on November 14, 2005, advising it that the respondent failed to submit an answer and failed to cooperate with its investigation.

Charge two alleges that the respondent is guilty of engaging in conduct that is prejudicial to the administration of justice and/or adversely reflects on his fitness as a lawyer by failing to cooperate with the lawful demands of the Grievance Committee, in violation of DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), based upon the factual allegations of charge one, and further alleges that by letter dated November 29, 2005, the Grievance Committee forwarded a copy of the Bullock complaint to the respondent and directed him to submit an answer within 10 days of his receipt of the complaint. The letter also directed him to provide an answer as to why he failed to cooperate with the Bar Association.

The respondent failed to respond and further failed to obtain an extension of time to do so.

By letter dated January 12, 2006, sent by certified mail, return receipt requested, the Grievance Committee sent the respondent a second copy of the complaint and directed him to submit an answer within 10 days of his receipt of the letter. He was also advised that his failure to comply with the lawful requests of the Grievance Committee were grounds for his immediate suspension from the practice of law pursuant to 22 NYCRR 691.4. The letters to the respondent were never returned to the Grievance Committee office by the United States Postal Service, and to date, the respondent has failed to submit an answer or obtain an extension of time to do so.

Charge three alleges that the respondent is guilty of neglecting a legal matter entrusted to him, in violation of DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

By letter dated March 22, 2005, Ralph Bullock filed a complaint with the Grievance Committee alleging that the respondent failed to deliver legal papers to him for signature and that six months had passed since the respondent advised him that he had legal papers for him to sign. Bullock also complained that the respondent failed to respond to numerous written and telephone communications that he had made demanding that the respondent forward the legal papers. To date, the respondent has failed to deliver the legal papers to Bullock for signature.

Charge four alleges that the respondent is guilty of engaging in conduct that adversely reflects on his fitness as a lawyer by failing to communicate with his client, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual allegations of charge three, and further that the respondent has failed to communicate with his client, Ralph Bullock, despite numerous telephone calls and written communications requesting same.

Charge five alleges that the respondent has been guilty of engaging in conduct that is prejudicial to the administration of justice and/or adversely reflects on his fitness as a lawyer by failing to pay a debt incident to his practice of law, in violation of DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

Anna Portman and Seymour Simon commenced a legal malpractice action against the respondent in the Supreme Court, Westchester County. On July 7, 1998, the respondent entered

into a stipulation of settlement in that action and executed an affidavit and judgment by confession, wherein he confessed to a judgment in the sum of $44,450.

Although the respondent agreed to make payments on the judgment in accordance with the payment schedule set forth in the stipulation of settlement, he has failed to do so.

We find that upon the stipulated facts, as well as the respondent's admissions during his testimony at the hearing, the Special Referee properly sustained all five charges against the respondent.

In determining an appropriate measure of discipline to impose, the Grievance Committee has reported that the respondent's prior disciplinary history is as follows. On January 17, 2002, the Grievance Committee summoned the respondent to appear in person to receive four hand-delivered letters of admonition involving four separate matters in which he had failed to cooperate with the lawful requests of the Grievance Committee, failed to maintain adequate communications with his client, and neglected a legal matter entrusted to him. Despite receiving these letters of admonition, the Grievance Committee subsequently issued a fifth letter of admonition to the respondent in October 2003, for his failure to cooperate with its investigation into his professional misconduct, as well as his failure to maintain adequate communications with his client and his neglect of legal matters entrusted to him.

As properly noted by the Grievance Committee, the Special Referee correctly concluded in his report that "through his conduct, [the] respondent has shown a chronic disregard for the attorney discipline process in this State. He seems to view cooperation with disciplinary counsel as an imposition, something to be done when—and if—he ever finds the time."

In mitigation, the respondent submitted four letters from three attorneys and one medical doctor, each of whom have known the respondent for a substantial period of time and vouch for his integrity and good character.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., MILLER, SCHMIDT, MASTRO and SKELOS, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Warren M. Gould, admitted as Warren Morris Gould, is suspended from the practice of law for

a period of two years, commencing October 18, 2007, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Warren M. Gould, admitted as Warren Morris Gould, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Warren M. Gould, admitted as Warren Morris Gould, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).