[19 NYS3d 321]

In the Matter of MENEZ JEAN-JEROME, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 12, 2015

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Menez Jean-Jerome*, Brooklyn, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated May 13, 2014, containing two charges of professional misconduct. After a prehearing conference on December 9, 2014, and a hearing on February 10, 2015, the Special Referee issued a report, which sustained the charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted papers in opposition, setting forth various mitigating factors for the Court's consideration.

Charge one alleges that the respondent neglected a client matter entrusted to him, in violation of rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about November 2010, the respondent was retained by Rafael Cameron to sue Kewa Disla in relation to student loans that he cosigned with her in 2006. By summons and complaint dated February 3, 2011, the respondent initiated an action in the Civil Court of the City of New York, Kings County, entitled *Cameron v Disla*. On April 1, 2011, Ms. Disla was personally served with copies of the summons and complaint. Ms. Disla did not answer the complaint. The respondent failed timely to seek a default judgment against Ms. Disla. In or about October 2012, the respondent submitted a proposed judgment against Ms. Disla to the Clerk of the Civil Court. By notification dated November 29, 2012, the Clerk rejected the proposed judgment because there was no affidavit of service. The respondent was instructed to resubmit an application for judgment with a court-stamped copy of the affidavit of service. The respondent took no further action until August 19, 2013, when he filed a notice of motion and supporting papers for default judgment, and on August 21, 2013, he filed an amended notice of motion.

By decision and order dated November 26, 2013, Civil Court Judge Harriet Thompson denied the motion "without prejudice to renew upon compliance with [CPLR 2005], a supporting attorney affirmation which describes the basis for the untimely submission of the request for a default judgment, an affidavit of merit from the Plaintiff and submissions of the proper documentary evidence as more fully described above." The respondent took no further action on the case.

Charge two alleges that the respondent engaged in a conflict of interest by entering into a business transaction with a client, in violation of rule 1.8 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about November 2011, the respondent was retained by Hubert Robert Rechais to sue Marjorie McGivans in relation to a condominium apartment that he shared with her. The respondent initiated an action in Supreme Court, Westchester County. By decision and order dated May 21, 2012, that court (Smith, J.) directed the dismissal of the complaint in that action because the respondent had failed to file, as directed, an amended complaint within 30 days of a previous order of that court. In July 2012, the respondent moved before this Court to enjoin Ms. McGivans from mortgaging or selling the condo, and to stay Mr. Rechais's eviction pending the hearing and determination of his appeal from the order dated May 21, 2012. By decision and order dated August 16, 2012, this Court denied the motion.

Meanwhile, in or around May 2012, while representing Mr. Rechais, the respondent asked to borrow $15,000 from Mr. Rechais. Mr. Rechais gave the respondent $5,000. The respondent executed a note, pursuant to which he promised to repay Mr. Rechais in monthly installments of $500, commencing June 30, 2012. The respondent failed to advise Mr. Rechais, in writing or in any other manner, that he should seek the advice of independent counsel in relation to this loan. Thereafter, the respondent failed to repay Mr. Rechais in accordance with the note. On or about May 15, 2013, Mr. Rechais initiated an action against the respondent in Yonkers City Court, Small Claims Part, to recover the $5,000. On October 30, 2013, both parties appeared in court, and the respondent repaid Mr. Rechais by providing him with a cashier's check in the amount of $5,020.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

The respondent has an extensive prior disciplinary history, consisting of: (1) a letter of caution in September 1996, for neglecting an immigration matter and for failing to timely apply for relief from deportation, resulting in the client's deportation; (2) an admonition in January 1998, for neglecting a matrimonial matter and failing to keep his client apprised of its status; (3) an admonition in October 2001, for failing to satisfy an outstanding default judgment against him arising out of his failure to pay rent on his law office; (4) an admonition in October 2001 for neglecting personal injury matters entrusted to him by two clients; (5) an admonition, personally delivered in December 2008, for neglecting four separate legal matters (for the same client) and for entering a business transaction with that client by improperly borrowing money from him; and (6) an admonition, personally delivered in November 2012, for neglecting a matrimonial matter and for failing to advise the client that he had moved his law office.

Having admitted the charges, the respondent seeks mercy or leniency, and would like to see fairness done. In mitigation, he states:

> "I acknowledge that my regrettable misconduct has brought shame on you as attorneys. I intend to do better in the future. I have tried my best to mitigate the damages by refunding all legal fees to Rafael Camaron [sic] in Charge One and by making full payment with interest to Anthony [sic] Rechais in Charge Two."

The respondent's neglect of client matters is longstanding, for which he was repeatedly admonished in the past. Although apologetic, the respondent has undertaken no meaningful steps or measures to remedy his neglectful conduct. Notwithstanding the respondent's remorse and vows to do better in the future, we find that a two-year suspension is warranted in view of the respondent's extensive disciplinary history, which we consider to be an aggravating factor.

ENG, P.J., RIVERA, DILLON, BALKIN and DICKERSON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Menez Jean-Jerome, is suspended from the practice of law for a period of two years, commencing December 12, 2015, and continuing until further order of this Court. The respondent shall not apply for reinstatement

earlier than June 12, 2017. In such application, the respondent shall furnish satisfactory proof (1) that during the said period he refrained from practicing or attempting to practice law, (2) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (4) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Menez Jean-Jerome, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Menez Jean-Jerome, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Menez Jean-Jerome, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).