Matter of Roberts (2018 NY Slip Op 05931)





Matter of Roberts


2018 NY Slip Op 05931


Decided on August 29, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ROBERT J. MILLER, JJ.


2016-10219

[*1]In the Matter of Richard A. Roberts, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Richard A. Roberts, respondent. (Attorney Registration No. 1941988)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Ninth Judicial District (hereinafter the petitioner) and the respondent, Richard A. Roberts, for discipline by consent. By decision and order on motion dated March 23, 2017, this Court, inter alia, authorized the petitioner to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated September 30, 2016, and directed the respondent to serve and file an answer to the verified petition. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 11, 1984.



Gary L. Casella, White Plains, NY (Anthony R. Wynne of counsel), for petitioner.
Richard E. Grayson, White Plains, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The petitioner served the respondent with a notice of petition dated March 28, 2017, and a petition dated September 30, 2016. The petitioner and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent and request the imposition of a two-year suspension.
The Stipulation
As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a stipulation dated February 5, 2018, in support of the motion in which the respondent acknowledges that he has engaged in professional misconduct in seven client matters, failed to reconcile his escrow accounts, and failed to produce documents requested by the petitioner. By virtue of the stipulation, the parties have agreed that the following is not in dispute:
Client Renee Simpkins
The respondent failed to timely provide an accounting of a real estate closing and failed to timely disburse estate funds, in violation of rule 1.15(c)(3) and (4) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. The respondent represented Renee Simpkins in connection with the estate of her cousin, the late Arthur Harrison, and his mother's estate, the late Viola Johnson, who died after Harrison. While representing Simpkins, the respondent, among other things, handled the sale of Harrison's cooperative apartment in Manhattan (hereinafter the Harrison apartment). The respondent admits that he failed to timely provide Simpkins with an accounting of the sale of the Harrison apartment, and it took him more than three years to disburse estate funds. In mitigation, the parties agree that the matters were somewhat complicated, and the respondent was attempting to gather information needed to prepare an [*2]accounting.
Client Racquel Johnson
The respondent engaged in a conflict of interest in violation of rules 1.7(a) and 1.8(a), and conduct that adversely reflects on his fitness as a lawyer in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0). Prior to retaining the respondent, Racquel Johnson was represented by another law firm in a medical malpractice action commenced on behalf of Johnson's infant daughter and Johnson, which resulted in a settlement of $4,604,412.24 for the daughter. Dissatisfied with the $25,000 offered for her loss of services claim, Johnson retained the respondent, who successfully obtained $250,000 for Johnson (hereinafter the settlement funds). The respondent's fee was calculated based upon a revised fee agreement with Johnson. However, the respondent did not memorialize the new fee agreement, which he admits is conduct that adversely reflects on his fitness as a lawyer.
The conflict of interest emanates from a rental transaction the respondent entered into with his client. Johnson was homeless, unemployed, and had no bank account. After the respondent obtained the increased settlement, Johnson moved into an apartment owned by the respondent in the Bronx near the facility where her daughter was receiving care. With Johnson's authorization, the respondent deposited the settlement funds into his escrow account, and disbursed those funds at her direction, including the payment of the monthly market rental rate of $1,400. In proceeding with the rental transaction with his client, the respondent admits that he engaged in a conflict of interest, that he did not advise his client in writing of the desirability of seeking the advice of independent legal counsel, and that he did not obtain his client's written informed consent to his role in the rental transaction.
Client Doris Sturrup
The respondent failed to act with reasonable diligence and promptness in representing a client, in violation of rule 1.3(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about November 2015, Doris Sturrup retained the respondent to represent her in a bankruptcy proceeding. After the respondent failed to prepare and file a bankruptcy petition, in March 2016, Sturrup terminated his services and requested a refund of her retainer. In or about July 2016, the respondent returned the retainer to Sturrup.
Client Judith Mayers
The respondent's firm neglected a legal matter and failed to promptly refund a legal fee, in violation of rules 1.3(b) and 1.16(e) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. Judith Mayers retained the respondent's firm to file a petition for child support modification. From February 2015 through June 2015, the respondent's office failed to file the petition for Mayers. The firm also delayed refunding the retainer fee to Mayers for approximately six months.
Client Polly Heckstall
The respondent engaged in conduct that is prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0). While representing Polly Heckstall in a bankruptcy proceeding, the respondent failed to appear at her confirmation hearing, and failed to notify Heckstall or the court that he would not be attending the hearing. In mitigation, the respondent explained that the Heckstall hearing was held five days after the memorial service for his long-time employee and friend, Kathleen Jones, whose death had a devastating effect on the respondent. However, the respondent appeared at the next confirmation hearing date and Heckstall's matter was thereafter completed.
Client William Taylor
The respondent entered into a retainer agreement with his client William Taylor, which contained a nonrefundable fee provision, in violation of rule 1.5(d)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0). In doing so, he also engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Client Ettore Pennisi
The respondent engaged in conduct that is prejudicial to the administration of justice by failing to provide his client Ettore Pennisi with a Statement of Client's Rights in a Family Court proceeding and failing to execute a written retainer agreement with Pennisi, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Failure to Reconcile Escrow Accounts
The respondent engaged in conduct that adversely reflects on his fitness as a lawyer by failing to regularly reconcile his attorney escrow accounts, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Failure to Produce Documents
The respondent engaged in conduct that is prejudicial to the administration of justice and that adversely reflects on his fitness as a lawyer by failing to timely comply with the petitioner's requests for documents, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). During the course of the petitioner's investigation of complaints of professional misconduct, the respondent admits that he failed to timely comply with the petitioner's requests for documents, which ultimately resulted in the issuance of a subpoena. While the respondent produced partial records on May 20, 2016, he did not fully comply with the petitioner's document request. By way of explanation, the respondent states that he had moved his office and that his records were being stored at three different locations.
Mitigation
In mitigation, the respondent explains that he has spent most of his career as a sole practitioner serving mostly lower-income clients in Mount Vernon, Yonkers, and other central-to- lower Westchester communities. Since 1985, Kathleen Jones worked with the respondent as an office manager and paralegal. She reviewed each file, discussed with him what actions needed to be taken, and was responsible for sending out the respondent's correspondence. On October 12, 2015, after suffering with the final stages of lung cancer for approximately one year, Jones succumbed to this disease. The parties note that the matters before this Court occurred around the time of Jones's illness and death. The respondent's grief has caused him to lose focus, but he implemented changes in his practice to allow him to better handle his clients' needs. The respondent maintains that he has been honest with his clients, has never taken any money from them that did not belong to him, and handled their matters with care, concern, and discretion.
The Respondent's Affidavit
As required, the respondent has submitted an affidavit with this motion in which he conditionally admits the foregoing facts and violations of the Rules of Professional Conduct (22 NYCRR 1200.0), and consents to the agreed-upon discipline of a two-year suspension, which consent is given freely and voluntarily without coercion or duress. The respondent states that he is fully aware of the consequences of consenting to such discipline.
Prior History
In addition to the papers submitted in support of the motion, the respondent's disciplinary record on file with the Court has been considered, which reflects that he has been issued 10 Admonitions and 6 Cautions involving, inter alia, similar misconduct of neglect, failure to promptly refund unearned fees, and a failure to cooperate with grievance investigations.
Conclusion
Based upon the foregoing, we find that the motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent should be granted, and that a two-year suspension is warranted in view of the respondent's admitted misconduct as well as the aggravating and mitigating factors presented herein (see Matter of Jean-Jerome, 135 AD3d 78; Matter of Galluscio, 42 AD3d 264).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and MILLER, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted; and it is further,
ORDERED that the respondent, Richard A. Roberts, is suspended from the practice of law for a period of two years, commencing September 28, 2018, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 27, 2020. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that, during the period of suspension, he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Richard A. Roberts, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Richard A. Roberts, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Richard A. Roberts, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court