Matter of Lisabeth (2019 NY Slip Op 06604)





Matter of Lisabeth


2019 NY Slip Op 06604


Decided on September 18, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS, JJ.


2017-11266

[*1]In the Matter of Jeffrey S. Lisabeth, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Jeffrey S. Lisabeth, respondent. (Attorney Registration No. 1713650)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced a disciplinary proceeding against the respondent by filing a notice of petition dated October 17, 2017, and a verified petition dated October 16, 2017. The respondent served and filed a verified answer dated December 1, 2017. The Grievance Committee then served a statement of disputed and undisputed facts dated December 11, 2017, which the respondent did not challenge. By decision and order on application dated January 16, 2018, the issues raised were referred to Lance D. Clarke, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 25, 1981.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.
Jeffrey S. Lisabeth, Mineola, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a petition dated October 16, 2017, containing three charges of professional misconduct. After a prehearing conference on March 2, 2018, and hearings on May 11, 2018, July 20, 2018, and August 17, 2018, the Special Referee issued a report which sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affirmation in response, in which he does not oppose the confirmation of the Special Referee's report and sets forth mitigating factors for the Court's consideration.
Charge one alleges that the respondent neglected a legal matter entrusted to him, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
In or about April 2012, the respondent was retained by Gail Cote to represent her in a personal injury action resulting from a slip and fall accident at a Shoprite store. On May 16, 2013, the respondent commenced an action on Cote's behalf entitled Cote v Shoprite, in the Supreme Court, Nassau County, under Index No. 6000/13. The defendant filed an answer dated June 18, 2013. Approximately two years later, on July 7, 2015, a conference was held and the matter was certified ready for trial. Following the certification conference, the respondent was [*2]required to file a note of issue and certificate of readiness; however, he failed to do so.
From in or about 2015 through early 2017, Cote repeatedly called and personally visited the respondent's office in an effort to ascertain the status of her case. The respondent failed to respond to Cote's inquiries and failed to advise her of the status of her case. On March 17, 2016, as a result of the respondent's failure to file the required documents with the court, Cote's action was marked off the court's calendar with the notation "purged no activity/Pre Note." The respondent did not learn that Cote's case was marked off the court's calendar until June 2017, when Cote filed a complaint with the Grievance Committee.
Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
By letter dated February 16, 2017, the Grievance Committee sent a copy of Cote's complaint to the respondent via first class mail and requested he provide a written response within 10 days. After no response was received, the Grievance Committee sent a second letter to the respondent dated March 16, 2017, via certified mail, return receipt requested, as well as first class mail, requesting an answer to the Cote complaint within 10 days and including a copy of the Grievance Committee's prior letter. Postal records confirm that the letter was delivered to the respondent's office; however, no response was received. A third request for the respondent's answer to the Cote complaint, as well as an explanation for his failure to respond to the Grievance Committee's inquiries, was made by letter dated April 12, 2017. Postal records confirm that the letter was delivered to the respondent's office, yet again no response was received. The Grievance Committee then served the respondent with a subpoena and subpoena duces tecum to appear at its office with his file on the Cote matter, and after one extension, the respondent appeared on July 13, 2017.
Charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the conduct described in the two charges above.
Upon consideration of the evidence adduced at the hearing and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
The respondent has an extensive prior disciplinary history, consisting of five Letters of Caution and four Admonitions. The Letters of Caution issued by the Grievance Committee advised the respondent: (1) on November 5, 2015, not to neglect legal matters entrusted to him, to provide his clients with timely status updates, and to fully and promptly cooperate with investigations by the Grievance Committee; (2) on April 30, 2014, not to neglect legal matters entrusted to him; (3) also on April 30, 2014, not to neglect legal matters entrusted to him, and when ending an association with another attorney, to notify clients in writing and provide them an opportunity to choose with whom they wish to continue legal representation; (4) on October 3, 2013, to timely communicate with clients, to fully and promptly cooperate with the Grievance Committee and, when required, to timely file closing statements with the Office of Court Administration; and (5) on May 20, 1994, not to neglect legal matters entrusted to him.
The respondent was issued four Admonitions by the Grievance Committee: (1) on February 22, 2011, for neglecting a legal matter and failing to communicate the status of a legal matter despite repeated requests; (2) on November 1, 2010, by personal delivery, for engaging in conduct adversely reflecting on his fitness as a lawyer and failing to adequately supervise office staff; (3) also on November 1, 2010, and also by personal delivery, for engaging in conduct prejudicial to the administration of justice and adversely reflecting on his fitness as a lawyer, by failing to respond to a client and an attorney regarding a matter and failing to cooperate with the Grievance Committee; and (4) on February 22, 2001, for failing to supervise an associate, failing to notify a client of her case's dismissal, failing to cooperate with the Grievance Committee, and failing to respond to written case status inquiries.
In determining the appropriate measure of discipline, the respondent seeks leniency, and asks the Court to consider the body and caliber of his legal work, and his professional reputation and character as described in letters from members of the judiciary submitted on his behalf and admitted into evidence. Nevertheless, in this instance, the respondent's admissions and the documents admitted into evidence clearly establish not only that his neglect of a legal matter caused a case to be dismissed, but also that he did not learn of the [*3]case's dismissal until his client filed a complaint against him. Further, the respondent failed to communicate with his client, failed to respond to her numerous inquiries, and failed to cooperate with the requests of the Grievance Committee. The respondent's disciplinary history is a substantial aggravating factor, and considered in conjunction with the present matter, reveals a longstanding and uncorrected pattern of neglecting client matters, failing to communicate with clients, and failing to timely respond to requests from the Grievance Committee.
Under the totality of the circumstances, the respondent's conduct warrants his suspension from the practice of law for a period of two years (see Matter of Jean-Jerome, 135 AD3d 78; Matter of Gould, 45 AD3d 223).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CHAMBERS, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Jeffrey S. Lisabeth, is suspended from the practice of law for a period of two years, commencing October 18, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 16, 2021. In such application, the respondent shall furnish satisfactory proof that during the said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(c), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Jeffrey S. Lisabeth, shall promptly comply with the rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Jeffrey S. Lisabeth, shall desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jeffrey S. Lisabeth, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10(f).
ENTER:
Aprilanne Agostino
Clerk of the Court